*163 Opinion oip the Court, by
Ch. J. Boyle. !
’ "*©HE appellants, as the assignees of two notes 'exe? eufd® by William Robertson and Co.-and John'Fowler; brought sui^fhereon against Robertson and Coyle,' ás composing the firm of Robertson and' Có. andrFow-ler, dip recovered judgments at law against them, without defence. To stay proceedings upon those' judgment^ Có’yléánd Fowler-filed their bill in chancery,wiih injunction, in which'Coyle alleges Ihatheand’Robertsoh W'e**e partners in the commission business only, and-noh'ge-ñ: eral partners; that-the note! Were executediby ’Robertson for the price of goofi’s purchased-by him pn''fíi&'o5W’ií 1 mli .0 o o’o riniOf at Irno ríci vln/iTCnl‘nt o'rin *164 at law, he was Confirm'd to his bed with sickrfess, an® was- ignorant of the service of process, until after the judgment at law had been obtained. Fowler .alleges' that he executed/the notes' as security, and thatín‘é‘tf^s induced to.do so, from a belief that the notes ,webe‘pfívén> 0pon a transaction in relation to the partnership of Robertson and Coyle. .
, The appellants, in their answer, deny all knowledge of the material allegations of the bill, and put the complainants upon the proof of them.
On a finalrt^earing, the circuit court decreed a per-fétual injunction, with costs, and the appellants have rought the case to this court.
We are unable to perceive any principle upon which Coyle can be relieved. If the notes upon which the judgments at law were obtained, were executed by Robertson on a? transaction which did not-relate to the partnership between him and Coyle, the latter certainly could not be bound thereby. But this was a matter of a purely legal character, and was exclusively triable at law. To entitle himself, therefore, to relief in equity, on this ground, he ought to have shown some sufli-cienftixcuse for not having availed himself of it in a de-fence at law. This he has not done; for his alleged sickness at the time of the service of the process at law, Is not proved, and he pretends to no other excuse for not having made his defence at law. As the hardship of his case, therefore, however great it may be, must he ascribed to his own negligence, he cannoUl|§ienti~ tied to the aid of a court of equity; and as the only ground which Fowler -asserts, for the interposition of a court of equity in his favor, is obviously dependent upon Coyle’s right to relief, he cannot be entitled to relief, if Coyle is not.
The decree must be reversed with costs, and the cause be remanded, that the bill may be dismissed with costs and damages.